IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JENNIFER MOORE, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF RALPH JAMES DIETZ, DECEASED<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, SIERRA NEVADA CORPORATION, INC., AND NEW FRONTIER INNOVATIONS, LLC<br><br>Defendants. | §§§§§§§§§§§§§§§§§ | C.A. NO. _____ |

PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

**JENNIFER MOORE, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF RALPH JAMES DIETZ** ("Plaintiff") files this Complaint and in support thereof respectfully shows the court as follows:

### A.
### PARTIES

1. Plaintiff is an individual residing in Wilson County, Texas and Independent Executrix of the Estate of Ralph James Dietz, Deceased.

2. Defendant the United States of America, may be served by delivering a copy of the summons and complaint to the United States Attorney for the Southern District of Texas, Corpus Christi Division. Defendant may also be served by sending a copy of the summons and

complaint by registered or certified mail to the Attorney General of the United States in Washington, DC.

3. Defendant Sierra Nevada Corporation, Inc. ("Sierra Nevada") is a foreign for-profit corporation whose principal place of business and home office is in Sparks, Nevada and is therefore deemed a citizen of Nevada pursuant to 28 U.S.C. § 1332(c)(1). Defendant may be served with process through its registered agent for service in the State of Texas, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

4. Defendant New Frontier Innovations, LLC ("New Frontier") is a foreign for-profit limited liability company whose principal place of business and home office is in Alexandria, Virginia and is therefore deemed a citizen of Virginia pursuant to 28 U.S.C. §1332(c)(1). Defendant may be served with process through its registered agent for service in the State of Texas, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136.

**B.**
**JURISDICTION**

5. This court has jurisdiction over this action pursuant to the United States Constitution, as the United States of America is a party to this suit. U.S. Const. art. 3, § 2, cl. 1.

6. This court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship as this case involves an action between citizens of different states and the amount in controversy exceeds the sum of Seventy Five Thousand Dollars ($75,000), excluding interest and costs.

7. Additionally, all conditions precedent to this filing have been met.

## C.
## VENUE

8. Venue is proper in the Southern District of Texas – Corpus Christi Division pursuant to 28 U.S.C. § 1391(b)(3) and (e), as there is no district in which an action may otherwise be brought under 28 U.S.C. § 1391(b) and the United States of America is a Defendant to this action.

## D.
## FACTS

9. Plaintiff is a beneficiary entitled to bring this action pursuant to § 71.004 of the Texas Civil Practice & Remedies Code. Plaintiff was the daughter of RALPH JAMES DIETZ, Deceased (hereinafter referred to as "Decedent").

10. In addition to bringing this wrongful death action pursuant to § 71.004 of the Texas Civil Practice & Remedies Code as the surviving daughter of Decedent, Plaintiff also brings this action as a Representative of the Estate of Decedent pursuant to § 71.021 of the Texas Civil Practice & Remedies Code.

11. Decedent was employed by Sierra Nevada and/or New Frontier as a part of an intelligence operation called "Prospector," a privatized United States counter-drug mission based in Panama operated on behalf of, and for the benefit of, the United States of America. Upon information and belief, New Frontier provided pilots and crews for Sierra Nevada's "Prospector" mission.

12. On or about the night of October 5, 2010, Decedent was a passenger in a De Havilland Model DHC-8-202 aircraft, FAA Registration No. N356PH (hereinafter the "Aircraft") while carrying out a mission under the above referenced intelligence operation.

13. The Aircraft had been refitted with a number of modifications and was classified as an "experimental" aircraft by the Federal Aviation Administration only to be operated for

crew training and market surveys per the Aircraft's federal registration. Further, the Aircraft's ground proximity warning system, a critical piece of navigation equipment, was deliberately deactivated.

14.     The Aircraft was piloted by an individual who is legally blind in his right eye. Despite this physical limitation and safety risk, the pilot was granted special permission to fly the Aircraft by the United States and other Defendants. In addition to his physical limitations, the pilot of the Aircraft lacked the expertise and training to pilot the Aircraft in its modified and "experimental" configuration.

15.     On or about the night of October 5, 2013, Decedent was a passenger in the Aircraft when the pilot of the Aircraft became lost and, instead of maintaining the flight plan over the ocean, flew the Aircraft over land. The pilot lost control of the Aircraft and crashed into a remote mountainous area of jungle near the border of Panama and Columbia. On or before the impact, the fuselage of the Airplane ignited burning Decedent's body (hereinafter the "Airplane Crash").

16.     As a direct and proximate result of the Airplane Crash, Decedent died of multiple blunt force injuries sustained in the impact, including but not limited to fatal injuries to the head and torso. In addition to the blunt force injuries, and as a result of the fire on board the Aircraft, Decedent suffered total body charring of his soft tissue and bone.

### E. VICARIOUS LIABILITY – RESPONDENT SUPERIOR

17.     Whenever in this petition it is alleged that the Defendants did any act or thing, it is meant that Defendants' officers, agents, servants, employees, or representatives did such act or thing and that at the time such act or thing was done, it was done with the full authorization or ratification of the Defendants and/or was done in the normal and routine course and scope of

employment of Defendants' officers, agents, servants, employees, or representatives.

**F.**
**CAUSE OF ACTION: WRONGFUL DEATH**

18. Plaintiff is the adult child of Ralph James Dietz, Deceased. As a surviving child of Ralph James Dietz, Plaintiff is entitled to pursue this action to recover from Defendants damages resulting from the wrongful death of her father, Ralph James Dietz, pursuant to Chapter 71 of the Texas Civil Practice and Remedies Code.

19. Decedent was killed as a result of Defendants negligent and wrongful conduct more fully described in paragraphs 9 – 16, and Plaintiff incorporates those allegations herein as if set forth verbatim.

20. Defendants owed a legal duty to Decedent to act as would a reasonable and prudent person or entity would act under similar circumstances.

21. Defendants were guilty of various acts and/or omissions, each of which, individually or in combination, constituted negligence, including, but not limited to the following:

> i. In failing to provide reasonable and adequate training to Defendants' employees;
>
> ii. In failing to reasonably and adequately screen pilots and crew for flight-ready status;
>
> iii. In failing to perform a reasonable and adequate medical examination of the Aircraft's pilot and crew;
>
> iv. In failing to develop, institute, and enforce reasonable policies, practices, procedures, and guidelines for the mission;
>
> v. In failing to provide pilots and crews with the expertise, knowledge, and training necessary to operate the Aircraft in its modified and "experimental" configuration;
>
> vi. In failing to develop, institute and enforce reasonable policies, practices, procedures and guidelines for the hiring, training,

      supervision and retention of Defendants' employees and/or contractors;

  vii.  In failing to reasonably inspect the Aircraft for safety and/or security hazards or dangers;

  viii.  In failing to develop, institute and enforce reasonable policies, practices procedures and guidelines for maintaining the Aircraft in a reasonably safe manner; and

  ix.  In failing to properly and safely maintain the Aircraft safety equipment, including, but not limited to, the Aircraft's ground proximity warning system.

22. Defendants' breach of duty proximately caused the needless and senseless death of Decedent.

23. Defendants' conduct caused Decedent's death and was the producing cause of damage and injury to Mr. Dietz and Plaintiff.

### G.
### CAUSE OF ACTION: SURVIVAL ACTION

24. Plaintiff is an heir and independent executrix to the Estate of Ralph James Dietz. As a direct and proximate result of the Airplane Crash, Decedent suffered an eternity of pain and emotional anguish which no person should ever experience and as such has numerous causes of action, which are hereby brought by an heir of his estate, namely Plaintiff under § 71.021 of the Texas Civil Practice & Remedies Code.

25. Decedent was killed as a result of Defendants negligent and wrongful conduct, more fully described in paragraphs 9 – 16, and Plaintiff incorporates those allegations herein as if set forth verbatim.

26. Defendants owed a legal duty to Decedent to act as would a reasonable and prudent person or entity would act under similar circumstances.

27. Defendants were guilty of various acts and/or omissions, each of which, individually or in combination, constituted negligence, including, but not limited to the following:

   i. In failing to provide reasonable and adequate training to Defendants' employees;

   ii. In failing to reasonably and adequately screen pilots for flight-ready status;

   iii. In failing to perform a reasonable and adequate medical examination of the Aircraft's pilot and crew;

   iv. In failing to develop, institute, and enforce reasonable policies, practices, procedures, and guidelines for the mission;

   v. In failing to provide pilots and crews with the expertise, knowledge, and training necessary to operate the Aircraft in its modified and "experimental" configuration;

   vi. In failing to develop, institute and enforce reasonable policies, practices, procedures and guidelines for the hiring, training, supervision and retention of Defendants' employees and/or contractors;

   vii. In failing to reasonably inspect the Aircraft for safety and/or security hazards or dangers;

   viii. In failing to develop, institute and enforce reasonable policies, practices procedures and guidelines for maintaining the Aircraft in a reasonably safe manner; and

   ix. In failing to properly and safely maintain the Aircraft safety equipment, including, but not limited to, the Aircraft's ground proximity warning system.

28. Defendants' breach of duty proximately caused the needless and senseless death of Decedent.

29. Defendants' conduct caused Decedent's death and was the producing cause of damage and injury to Mr. Dietz and Plaintiff.

## H.
## DAMAGES

30. As a direct and proximate result of the Defendants' negligence, Plaintiff's father the Decedent died on October 5, 2013. As a result of the untimely death of Decedent, Plaintiff suffered pecuniary loss for the death of her father. Additionally, Plaintiff suffered the loss of companionship and society, including the loss of the positive benefits flowing from the love, comfort, companionship, and society that Plaintiff, in reasonable probability, would have received from RALPH JAMES DIETZ had he lived. Moreover, the untimely death of her father has caused Plaintiff severe emotional pain, torment, and suffering.

31. In all reasonable probability, Plaintiff will continue to suffer pecuniary losses, loss of companionship and society, and severe emotional pain, torment, and suffering in the future. At the time of his death, Decedent was 66 years old and had a life expectancy of at least 12 additional years according to the Standard Ordinary Tables of Mortality.

32. In addition to seeking recovery for the damages, as set out above, Plaintiff seeks recovery of damages on behalf of the Estate of Ralph James Dietz, Deceased for the conscious pain, suffering, and mental anguish Mr. Dietz experienced both immediately before and following the airplane crash and fire, and prior to his death. By reason of the above, Plaintiff and Decedent have suffered losses and damages in a sum that is within the jurisdictional limits of the Court and for which they hereby sue.

## I.
## CONDITIONS PRECEDENT

33. All conditions precedent to Plaintiff's claims for relief have been performed or have occurred.

## J.
## JURY DEMAND

34. Plaintiff demands a jury trial and tenders the appropriate fee with this Complaint.

## K.
## PRAYER

35. For these reasons, Plaintiff asks that the Court issue citation for Defendants to appear and answer, and that Plaintiff be awarded a judgment against Defendants for the following:

   i. Judgment against the Defendants jointly and severally, for a sum within the jurisdictional limits of the Court;

   ii. Pre-judgment and post-judgment interest at the maximum amount provided by law;

   iii. Court Costs;

   iv. All other relief to which Plaintiff is justly entitled in law or equity.

Respectfully submitted,

**CURNEY, FARMER,**
**HOUSE, & OSUNA, P.C.**
411 Heimer Road
San Antonio, Texas 78232-4854
Telephone No. (210) 377-1990
Facsimile No. (210) 377-1065

By: /s/ John M. Curney, Jr.
**John M. Curney, Jr.**
State Bar No. 05258600
Southern District of Texas No. 17912
Email: john@cfholaw.com

**P. Weston May**
State Bar No. 24070229
Southern District of Texas No. 1085510
Email: wmay@cfholaw.com

*Attorney for Plaintiff Jennifer Moore, Individually, and as Representative of the Estate of Ralph James Dietz, Deceased*
