## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **JENNIFER MOORE, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF RALPH JAMES DIETZ, DECEASED,** | ) ) ) ) ) | |
| **Plaintiff,** | ) ) ) | **C.A. No. 2:14cv49** |
| **v.** | ) ) ) | |
| **UNITED STATES OF AMERICA, SIERRA NEVADA CORPORATION, INC., AND NEW FRONTIER INNOVATIONS, LLC,** | ) ) ) ) ) | |
| **Defendants.** | ) | |

### DEFENDANT SIERRA NEVADA CORPORATION'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

Defendant Sierra Nevada Corporation ("SNC"), erroneously identified as Sierra Nevada Corporation, Inc. in the Complaint, by counsel, hereby responds and answers Plaintiff's Original Complaint and states as follows:

### A.
### PARTIES

1.    SNC is without information or knowledge sufficient to form a belief as to the truth of the factual averment contained in paragraph 1, and therefore denies the same.

2.    SNC states that the averments contained in paragraph 2 are conclusions of law as opposed to allegations of fact, and therefore no response is required.  To the extent, a response may be required, the averments in paragraph 2 are denied.

3.      SNC states that the averments contained in paragraph 3 are conclusions of law as opposed to allegations of fact, and therefore no response is required.  To the extent a response may be required, SNC admits that it is headquartered in Sparks, Nevada, and may be served through its registered agent, and denies the remaining averments in paragraph 3.

4.      SNC states that the averments contained in paragraph 4 are directed to a party other than SNC, and therefore no response is required.  To the extent a response may be required, the averments in paragraph 4 are denied.

**B.**
**JURISDICTION**

5.      SNC denies the averments contained in paragraph 5.

6.      SNC denies the averments contained in paragraph 6.

7.      SNC states that the averments contained in paragraph 7 are conclusions of law as opposed to allegations of fact, and therefore no response is required.  To the extent a response may be required, the averments in paragraph 7 are denied.

**C.**
**VENUE**

8.      SNC denies the averments contained in paragraph 8.

**D.**
**FACTS**

9.      SNC states that the averment contained in the first sentence of paragraph 9 is a conclusion of law as opposed to an allegation of fact, and therefore no response is required.  To the extent a response may be required, this averment is denied.  SNC is without information or knowledge sufficient to form a belief as to the truth of the averment contained in the second sentence of paragraph 9, and therefore denies the same.

10.     SNC states that the averments contained in paragraph 10 are conclusions of law as opposed to allegations of fact, and therefore no response is required.  To the extent a response may be required, the averments in paragraph 10 are denied.

11.     SNC admits that Decedent was employed by SNC and/or New Frontier Innovations, LLC ("NFI").  On information and belief, SNC is prohibited by federal contract and other federal requirements from disclosure of any information related to the remaining averments contained in paragraph 11.  To the extent a response may be required, the remaining averments in paragraph 11 are denied.

12.     SNC admits that Decedent was on board the accident aircraft.  On information and belief, SNC is prohibited by federal contract and other federal requirements from disclosure of any information related to the remaining averments contained in paragraph 12.  To the extent a response may be required, the remaining averments in paragraph 12 are denied.

13.     SNC admits that the aircraft's ground proximity warning system was disabled pursuant to applicable maintenance procedures.  On information and belief, SNC is prohibited by federal contract and other federal requirements from disclosure of any information related to the remaining averments contained in paragraph 13.  To the extent a response may be required, the remaining averments in paragraph 13 are denied.

14.     On information and belief, SNC is prohibited by federal contract and other federal requirements from disclosure of any information related to the averments contained in paragraph 14.  To the extent a response may be required, the averments in paragraph 14 are denied.

15.     SNC denies that Decedent was a passenger in the accident aircraft, that the pilot of the aircraft became lost, and that the pilot lost control of the aircraft.  On information and belief, SNC is prohibited by federal contract and other federal requirements from disclosure of

3

any information related to the remaining averments contained in paragraph 15.  To the extent a response may be required, the remaining averments in paragraph 15 are denied.

16.     SNC admits that Decedent was in the airplane crash.  SNC lacks sufficient knowledge as to injuries sustained by Decedent, and therefore denies those averments in paragraph 16.  All remaining averments in paragraph 16 are denied.

**E.**
**VICARIOUS LIABILITY – RESPONDEAT SUPERIOR**

17.     SNC  admits that in paragraph 17, Plaintiff asserts that "'[w]henever in this Petition it is alleged that the Defendants did any act or thing, it is meant that Defendants' officers, agents, servants, employees' or representatives did such act or thing and that at the time such act or thing was done, it was done with the full authorization or ratification of the Defendants and/or was done in the normal and routine course and scope of employment of Defendants' officers, agents, servants, employees, or representatives." SNC further states that the averments contained in paragraph 17 are conclusions of law as opposed to allegations of fact, and therefore no response is required.  To the extent a response is required, the averments in paragraph 17 are denied.

**F.**
**CAUSE OF ACTION:  WRONGFUL DEATH**

18.     SNC is without information or knowledge sufficient to form a belief as to the truth of the factual averment contained in paragraph 18 that Plaintiff is the adult child of Ralph Dietz, and therefore denies the same.  SNC further states that the remaining averments contained in paragraph 18 are conclusions of law as opposed to allegations of fact, and therefore no response is required.  To the extent a response is required, the remaining averments in paragraph 18 are denied.

19.     SNC denies Plaintiff's averments in paragraph 19 of the Complaint and herein incorporates by reference its responses to paragraphs 9-16.

20.     SNC states that the averments contained in paragraph 20 are conclusions of law as opposed to allegations of fact, and therefore no response is required.  To the extent a response is required, the averments in paragraph 20 are denied.

21.     All averments in paragraph 21, subparts (i) – (iii) & (vii) – (ix) are denied.  On information and belief, SNC is prohibited by federal contract and other federal requirements from disclosure of any information related to the remaining averments contained in paragraph 21.  To the extent a response may be required, those averments are denied.

22.     SNC denies the averments contained in paragraph 22.

23.     SNC denies the averments contained in paragraph 23.

**G.**
**CAUSE OF ACTION:  SURVIVAL ACTION**

24.     SNC is without information or knowledge sufficient to form a belief as to the truth of the averment that Plaintiff is an heir and independent executrix to the Estate of Decedent, and therefore denies the same.  All remaining averments in paragraph 24 are denied.

25.     SNC denies Plaintiff's averments in paragraph 25 of the Complaint and herein incorporates by reference its responses to paragraphs 9-16.

26.     SNC states that the averments contained in paragraph 26 are conclusions of law as opposed to allegations of fact, and therefore no response is required.  To the extent a response is required, the averments in paragraph 26 are denied.

27.     All averments in paragraph 27, subparts (i) – (iii) & (vii) – (ix) are denied.  On information and belief, SNC is prohibited by federal contract and other federal requirements

from disclosure of any information related to the remaining averments contained in paragraph 27.  To the extent a response may be required, those averments are denied.

28.     SNC denies the averments contained in paragraph 28.

29.     SNC denies the averments contained in paragraph 29.

**H.**
**DAMAGES**

30.     SNC denies the averments contained in paragraph 30.

31.     SNC denies the averments contained in paragraph 31.

32.     SNC denies the averments contained in paragraph 32.

**I.**
**CONDITIONS PRECEDENT**

33.     SNC states that the averments contained in paragraph 33 are conclusions of law as opposed to allegations of fact, and therefore no response is required.  To the extent a response may be required, the averments in paragraph 33 are denied.

**J.**
**JURY DEMAND**

34.     SNC admits that in paragraph 34, Plaintiff demands a jury trial and states that she tenders the appropriate fee with the Complaint.

**K.**
**PRAYER**

35.     SNC admits that in paragraph 35, Plaintiff  asks that the Court "issue citation for Defendants to appear and answer" and seeks a judgment against Defendants for a sum within the jurisdictional limits of the Court, pre-judgment and post-judgment interest at the maximum amount provided by law, court costs, and all other relief to which Plaintiff is entitled in law or equity, but denies that there is any basis for a judgment against Defendants.

To the extent any allegation in Plaintiff's Original Complaint is not expressly admitted or denied above, it is hereby denied.

## L.
## AFFIRMATIVE DEFENSES

Having fully answered the allegations in Plaintiff's Original Complaint, SNC now asserts its affirmative defenses.  By pleading the following affirmative defenses, SNC does not concede that each of the matters covered by the numbered defenses need be proven by SNC.  SNC reserves its position that Plaintiff bears the burden of proof on all matters necessary to state the claims asserted in the Original Complaint and to establish the alleged damages.

### FIRST AFFIRMATIVE DEFENSE

SNC generally denies liability and negligence, active or passive, and any wrongdoing whatsoever, and denies having any duties which it breached.

### SECOND AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over Plaintiff's claims.

### THIRD AFFIRMATIVE DEFENSE

The Complaint, and each claim asserted therein, fails to state a cause of action upon which relief can be granted.

### FOURTH AFFIRMATIVE DEFENSE

To the extent the Complaint alleges acts or omissions within the scope of SNC's contract with the United States of America, SNC is entitled to full and/or qualified immunity.

### FIFTH AFFIRMATIVE DEFENSE

SNC exercised due care and diligence in all matters, if any, relevant to the subject of Plaintiff's Complaint.

7

## SIXTH AFFIRMATIVE DEFENSE

SNC was in full compliance with all federal regulations and contractual requirements applicable to its operations relevant to the subject of Plaintiff's Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims should be dismissed for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3).

## EIGHTH AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over Plaintiff's claims because this matter is non-justiciable under the political question doctrine.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries, if any, were not proximately caused by any negligent or otherwise wrongful act or omission of SNC.

## TENTH AFFIRMATIVE DEFENSE

Any recovery or other reward made against SNC herein must be reduced by the percentage of fault of other tortfeasors, pursuant to Chapter 33 (Proportionate Responsibility) of the Texas Civil Practice and Remedies Code and/or other applicable law.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries, if any, were proximately caused by the intervening or superseding acts of persons or entities other than SNC.

## TWELFTH AFFIRMATIVE DEFENSE

Recovery is reduced or barred as a result of benefits made available as a result of the death of Decedent, including but not limited to those provided pursuant to the Defense Base Act by the United States of America to the survivors of Decedent.

### THIRTEENTH AFFIRMATIVE DEFENSE

Recovery is barred or limited because the injuries and/or damages, if any, sustained by Plaintiff, are due to the acts or omissions of third parties other than SNC.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's decedent assumed the risk of the operations that lead to the accident and injuries complained of in the Complaint.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are, or may be, barred for failure to join indispensable parties.

### SIXTEENTH AFFIRMATIVE DEFENSE

The doctrine of *respondeat superior* is inapplicable to SNC under applicable law.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Damages for physical injury, mental anguish, distress, and pain of Plaintiff's decedent prior to death are unavailable under applicable law.

### EIGHTEENTH AFFIRMATIVE DEFENSE

SNC fully conformed to the requirements of the United States Government under the contract applicable to the accident flight, and is therefore not liable for the claims asserted in the Original Complaint.

### NINETEENTH AFFIRMATIVE DEFENSE

The law of a country other than the United States is applicable to the claims contained in the Complaint.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims should be dismissed based upon *forum non conveniens.*

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims against SNC are barred or reduced by application of the borrowed servant doctrine.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because SNC has official immunity from claims stemming from the performance of official, discretionary duties by contractors with the United States to provide essential support services to the United States military in Panama and Columbia.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are preempted by federal law, including the law interpreting the "combatant activities" exception to the Federal Tort Claims Act, 28 U.S.C. § 2680(j), as enunciated in *Koohi v. United States*, 976 F.3d 1328 (9th Cir. 1992) and *Bentzlin v. Hughes Aircraft*, 833 F. Supp. 1486 (C.D. Cal. 1993).

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the injuries to Plaintiff occurred on foreign soil as part of work for a defense contractor supporting the United States military, and are therefore barred by 28 U.S.C. § 2680(k).

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because SNC has derivative sovereign immunity from claims stemming from SNC's actions under the direction and as an agent of the United States.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the government contractor defense.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the State Secrets doctrine to the extent that classified information not released by the United States is involved.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the statutory employee doctrine.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

SNC presently has insufficient knowledge or information as to whether it may have additional, yet unasserted, affirmative defenses.  SNC, therefore, reserves the right to assert additional affirmative defenses in the event discovery or further proceedings indicate such defense would be appropriate.

WHEREFORE, for the foregoing reasons, SNC respectfully requests that the Complaint be dismissed and that the Plaintiff be denied any of the requested relief.

Dated:  April 21, 2014                                          Respectfully submitted,


*/s/ Jorge C. Rangel*
*w/permission of Atty-in-Charge, M. Dombroff*
Jorge C. Rangel
State Bar No. 16543500
Federal I.D. No. 5698
Jaime S. Rangel
State Bar No. 24033759
Federal I.D. No. 32226
Joseph M. Marcum
State Bar No. 12973000
Federal I.D. No. 15049
**THE RANGEL LAW FIRM, P.C.**
615 N. Upper Broadway, Suite 2020
Corpus Christi, Texas  78401
Telephone: (361) 883-8500
Facsimile: (361) 883-2611
Email:  jorge.c.rangel@rangellaw.com
Email:  jaime.rangel@rangellaw.com
Email:  joe.marcum@rangellaw.com

11

Mark A. Dombroff, Esq.(admitted pro hac vice)
Attorney-in-Charge
Thomas B. Almy, Esq. (admitted pro hac vice)
Shaleeza Altaf, Esq. (admitted pro hac vice)
**MCKENNA LONG & ALDRIDGE LLP**
1676 International Drive, Penthouse
McLean, Virginia  22102
Telephone: (703)336-8800
Facsimile:  (703)336-8750
Email:  mdombroff@mckennalong.com
Email:  talmy@mckennalong.com
Email:  saltaf@mckennalong.com

*ATTORNEYS FOR DEFENDANT, SIERRA NEVADA CORPORATION*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been filed pursuant to the electronic filing requirements of the United States District Court for the Southern District of Texas on this the 21st day of April, 2014, which provides for service on counsel of record in accordance with the electronic filing protocols in place.

/s/ *Jorge C. Rangel*
Jorge C. Rangel